**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JASON SMITH,**

                        **Plaintiff,**

v.

                                              **9:15-CV-401 (BKS/DJS)**

**SERGEANT A. COSTELLO, et al.,**

                        **Defendants.**
_____

**Appearances:**

**Jason Smith**
12-A-4092
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021
Plaintiff, pro se

**Nicole E. Haimson, AAG**
Hon. Eric T. Schneiderman
Office of New York State Attorney General
The Capitol
Albany, NY 12224
Attorney for Defendants

**Hon. Brenda K. Sannes, U. S. District Judge**

### MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff pro se Jason Smith brought this action against defendant under 42 U.S.C. § 1983 alleging (1) an Eighth Amendment excessive force claim against defendant Sergeant A. Costello; (2) a Fourteenth Amendment equal protection claim against defendant Costello; (3) a Fourteenth

1

Amendment due process claim against defendant Tammy White; and (4) First Amendment retaliation claims against defendants Costello and White. Dkt. No. 1. Defendant White filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure seeking dismissal of the Fourteenth Amendment due process and First Amendment retaliation claims against her. Dkt. No. 18. Plaintiff filed a letter on August 28, 2015 stating that he did not wish to respond to the motion but would rely on his complaint. Dkt. No. 21. On February 3, 2016, United States Magistrate Judge Daniel J. Stewart issued a Report-Recommendation and Order recommending that defendant's motion to dismiss (Dkt. No. 18) be denied and that defendant be directed to respond to the Complaint. Dkt. No. 25. On February 19, 2016, defendant White filed objections to the Report-Recommendation. Dkt. No. 26. For the reasons set forth below, the Report-Recommendation is adopted in its entirety.

## II. Standard of Review

This court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id.*

## III. Discussion

### A. Fourteenth Amendment Due Process

Citing *Colon v. Howard*, 215 F.3d 227, 232 (2d Cir. 2000), defendant argues that even assuming that plaintiff spent 90 days in SHU confinement, dismissal is appropriate because plaintiff's confinement falls short of the "intermediate" length of time (101 to 305 days) that the

2

Second Circuit has indicated necessitates development of a factual record and consideration at the summary judgment stage. Dkt. No. 26, p. 1. *See Colon*, 215 F.3d at 232 ("[W]e think it appropriate to advise the district courts of this Circuit that in cases challenging SHU confinements of durations within the range bracketed by 101 days and 305 days, development of a detailed record will assist appellate review."). Additionally, defendant argues that plaintiff has failed to plead that he suffered atypical conditions of confinement and asserts that "Plaintiff has merely described the typical restrictive conditions experienced by an inmate serving a disciplinary penalty, and nothing atypical." Dkt. No. 26, p. 2.

The Second Circuit has explained, that its "cases make clear that duration is not the only relevant factor. The conditions of confinement are a distinct and equally important consideration in determining whether a confinement in SHU rises to the level of 'atypical and severe hardship.'" *Palmer v. Richards*, 364 F.3d 60, 64 (2d Cir. 2004) (internal quotation marks omitted). "And although shorter confinements under normal SHU conditions may not implicate a prisoner's liberty interest," the Second Circuit has "explicitly noted that SHU confinements of fewer than 101 days could constitute atypical and significant hardships if the conditions were more severe than the normal SHU conditions . . . or a more fully developed record showed that even relatively brief confinements under normal SHU conditions were, in fact, atypical." *Palmer*, 364 F.3d at 65. In *Palmer*, the plaintiff alleged that he spent 77 days in SHU confinement and that he was deprived of his personal property, mechanically restrained whenever he was escorted, and out of communication with his family. *Id*. at 66. The Second Circuit found "on a favorable view" of Palmer's submissions that his "right to due process may have been infringed." *Id*.

Here, construing the allegations in the complaint to raise the strongest arguments they suggest, the Court concludes that plaintiff's allegations that he spent at least 74 days in SHU confinement, where he suffered "physical abuse," was deprived of "most of [his] personal property" and the "ability to work," and was not allowed to attend "Jumáh services," state a plausible claim for relief under the due process clause. Dkt. No. 1, p. 9. Accordingly, having considered defendant's objection and reviewed *de novo* Magistrate Judge Stewart's recommendation, the Court concludes that the complaint sufficiently alleges a Fourteenth Amendment due process claim.

### B. First Amendment Retaliation

Defendant objects to Magistrate Judge Stewart's recommendation that her motion to dismiss plaintiff's First Amendment retaliation claim be denied. Dkt. No. 26, p. 3. Defendant asserts that the complaint fails to allege a "causal connection between any speech and Defendant White's actions." *Id*.

To establish a First Amendment retaliation claim, plaintiff must demonstrate: "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004). "To sufficiently allege a causal connection, [the plaintiff's] allegations must support an inference that the protected conduct was 'a substantial or motivating factor for the adverse actions taken by prison officials.'" *Dorsey v. Fisher*, 468 F. App'x 25, 27 (2d Cir. 2012) (quoting *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003)). "[A] court may infer an improper or retaliatory motive in the adverse action from: (1) the temporal proximity of the filing to the grievance and the disciplinary

4

action; (2) the inmate's prior good disciplinary record; (3) vindication at a hearing on the matter; and (4) statements by the defendant regarding his motive for disciplining the plaintiff." *Shariff v. Poole*, 689 F. Supp. 2d 470, 479 (W.D.N.Y. 2010).

Given the sequence of events alleged in the complaint, the Court concludes that plaintiff plausibly alleges a causal connection based on temporal proximity. The letter to Governor Cuomo (the protected speech at issue) was found on plaintiff's person on April 14, 2013. Dkt. No. 1, ¶ 50. On April 16, 2013, plaintiff received a misbehavior report written by defendant Costello. *Id*. at ¶ 43. Defendant White conducted the hearing in connection with the misbehavior report on April 19 and 24, 2013, and sentenced plaintiff to, among other things, SHU confinement. *Id*. at ¶¶ 44-46. As the protected activity in this case (plaintiff's letter to the governor) occurred two days before the misbehavior report and five days before the commencement of the disciplinary hearing, the complaint plausibly alleges, based on temporal proximity, causal connection. *See Espinal v. Goord*, 558 F.3d 119, 129 (2d Cir. 2009) ("A plaintiff can establish a causal connection that suggests retaliation by showing that protected activity was close in time to the adverse action."). Though, as Magistrate Judge Stewart noted, "the allegations of fact with regard to the retaliation claim against Defendant White are slim," Dkt. No. 25, p. 12, and following discovery, may be susceptible to a summary judgment motion, the allegations are sufficient to state a plausible First Amendment retaliation claim against White. Accordingly, having considered defendant's objection and reviewed *de novo* Magistrate Judge Stewart's recommendation, the Court concludes that the complaint sufficiently alleges a First Amendment retaliation claim.

### IV. Conclusion

Accordingly, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 25) is **ADOPTED** in all respects; and it is further

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 18) is **DENIED**, and it is further

**ORDERED** that Defendant White is directed to respond to the complaint in accordance with the Federal Rules of Civil Procedure. Upon receipt of defendant White's answer, an amended scheduling order will be issued setting new discovery and dispositive motion deadlines; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York.

**IT IS SO ORDERED**.

Dated: March 3, 2016

Brenda K. Sannes
U.S. District Judge