UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JASON SMITH,

                        **Plaintiff,**

v.                                                      9:15-CV-0401 (BKS/DJS)

**SERGEANT A. COSTELLO,** *Bare Hill Correctional Facility, et al,*

                        **Defendants.**
_____

**Appearances:**

Jason Smith
New York, NY 10027
Plaintiff, pro se

Nicole E. Haimson, Esq.
Hon. Eric T. Schneiderman
Office of New York State Attorney General
The Capitol
Albany, NY 12224
Attorney for Defendants

**Hon. Brenda K. Sannes, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

      Plaintiff Jason Smith, a former New York State inmate, commenced this action under 42 U.S.C. § 1983 asserting claims arising out of his incarceration at Bare Hill Correctional Facility. Dkt. No. 1. Plaintiff alleges that the Defendants violated his rights under the Eighth Amendment, First Amendment and Due Process Clause of the Fourteenth Amendment. Dkt. No. 1. On August 23, 2016, Defendants filed a motion for summary judgement under Fed. R. Civ. P. 56. Dkt. No. 38. Defendants included in their notice of motion a "Notification of the Consequences of Failing to Respond to a Summary Judgment Motion," informing Plaintiff of the

requirements for a proper response and the consequence of failing to file a proper response. Dkt. No. 38, p. 2. The Court also sent this notification to Plaintiff with a letter informing Plaintiff that his response was due by September 19, 2016. Dkt. No. 39. Plaintiff failed to respond to Defendants' motion.

This matter was referred to United States Magistrate Judge Daniel J. Stewart who, on March 3, 2017, issued a Report-Recommendation and Order recommending that Defendants' motion for summary judgment be granted and this action dismissed. Dkt. No. 42. Magistrate Judge Stewart advised the parties that under 28 U.S.C. § 636(b)(1), they had fourteen days within which to file written objections to the report, and that the failure to object to the report within fourteen days would preclude appellate review. Dkt. No. 42, p. 14. No objections to the Report-Recommendation have been filed.[1]

As no objections to the Report-Recommendation have been filed, and the time for filing objections has expired, the Court reviews the Report-Recommendation for clear error. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. Having reviewed the Report-Recommendation for clear error and found none, the Report-Recommendation is adopted in its entirety.

For these reasons, it is

**ORDERED** that the Report-Recommendation (Dkt. No. 42) is **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 38) is **GRANTED** and this action is **DISMISSED**; and it is further

---

[1] The Report-Recommendation was served on Plaintiff via regular mail and certified mail. Tracking information for the certified mail shows that delivery was attempted on March 6, 2017, and that notice was left at Plaintiff's address because an authorized recipient was not available to receive the mail. (Dkt. No. 43).

**ORDERED** that the Clerk serve a copy of this Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

**Dated:  March 27, 2017**

Brenda K. Sannes
U.S. District Judge